IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.

05 OCT -4 PM 3: 55

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

DELORIS YATES, )
)
Plaintiff, )
)
vs. )  No. 04-2380-BV
)
CORRECTIONAL MEDICAL )
SERVICES, INC., )
)
Defendant. )

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND
DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Before the court is the September 12, 2005 motion of the plaintiff, Deloris Yates, to compel discovery and to determine the sufficiency of the defendant's responses and objections to discovery propounded by Yates. Also before the court is the August 26, 2005 motion of the defendant, Correctional Medical Services, Inc. ("CMS"), for a protective order to (1) limit the scope of Yates' inquiries during the deposition of CMS's Rule 30(b)(6) representative and (2) require that any produced documents be used and disclosed solely for the legitimate purposes of the litigation.

Rule 7.2(a)(1)(B) of the Local Rules for the United States District Court for the Western District of Tennessee provides that discovery motions must be accompanied by a certificate of counsel affirming that the parties have consulted, and that they are unable

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 10-5-05

36

to reach an accord as to the issues presented. The certificate must contain the names of participating counsel and the date and manner of consultation. The counsel filing the motion has the burden to initiate the conference upon giving reasonable notice of the time, place and specific nature of the conference. If an opposing party refuses to cooperate in the conduct of a conference, counsel must file a certificate to that effect, setting out counsel's efforts to comply with the Local Rules. Pursuant to Local Rule 7.2(a)(1)(B), both Yates and CMS filed a certificate of consultation with their respective motions.

Yates' certificate states that, with respect to the matters that are at issue in the motion to compel discovery, counsel conferred "on numerous occasions throughout the discovery phases of this action, including the past five months." Yates' certificate does not contain the date and manner of consultation, as required by Local Rule 7.2(a)(1)(B). CMS states in its memorandum that counsel has not consulted with respect to specific objections to interrogatories or specific answers to document requests. According to CMS, "good faith discussions would at a minimum narrow the issues that would require the Court to issue a ruling." (Def.'s Resp. in Opp. at 3.)

CMS's certificate states that, on August 19, 2005, CMS sent Yates' counsel a letter concerning its objections to the deposition

2

notice. On August 23, 2005, counsel for both parties spoke via telephone regarding such objections. That same afternoon, Yates' counsel left a voice mail message agreeing to certain objections, but leaving other objections in controversy. Finally, on August 24, 2005, CMS's counsel sent an e-mail regarding two additional objections to the deposition notice and the filing of a proposed protective order. Yates' counsel had not responded to the e-mail when the certificate of consultation was filed on August 26, 2005. Based on CMS's certificate, it does not appear that Yates refused to cooperate in the conduct of a conference or that the parties could not reach accord. Rather, it appears that the parties failed to establish a definite time to confer and therefore failed to completely address the issues presented. Yates notes in her memorandum, for example, that she is "more than willing to agree" to protect information sought in particular interrogatories. (Pl.'s Memo in Supp. at 5 & 7).

Upon examining Yates' motion to compel discovery, CMS's response in opposition, and CMS's motion for a protective order, the court believes that many of these discovery issues may be resolved without court involvement if counsel were to discuss the issues in person. Therefore, pursuant to the broad discretion afforded courts in handling pretrial discovery matters, this court denies the plaintiff's motion to compel discovery and the

3

defendant's motion for protective order without prejudice and orders that counsel engage in a face-to-face discovery conference and attempt to resolve some, if not all, of their discovery disputes. If a face-to-face meeting between counsel is not productive, Yates may file another motion to compel and CMS may file another motion for a protective order.

IT IS SO ORDERED this 4th day of October, 2005.

*/s/ Diane K. Vescovo*
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 36 in case 2:04-CV-02380 was distributed by fax, mail, or direct printing on October 5, 2005 to the parties listed.

---

C. Michael Becker
WEINTRAUB STOCK & GRISHAM
1715 Aaron Brenner Dr.
Ste. 512
Memphis, TN 38120

James H. Stock
WEINTRAUB STOCK & GRISHAM
1715 Aaron Brenner Dr.
Ste. 512
Memphis, TN 38120

Daniel Scott Lovett
WEINTRAUB STOCK & GRISHAM
1715 Aaron Brenner Dr.
Ste. 512
Memphis, TN 38120

Timothy D. Patterson
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Ste. 2700
Memphis, TN 38103--255

Christopher S. Campbell
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT